NOT DESIGNATED FOR PUBLICATION

No. 128,164

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SERVANDO MARTINEZ-VAZQUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; STACEY DONOVAN, judge. Submitted without oral argument. Opinion filed June 26, 2026. Affirmed.

*Jessica R. Kunen*, of Lawrence, for appellant.

*Adam Carey*, senior assistant district attorney, *Dakota Loomis*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HILL and BRUNS, JJ.

HILL, J.:  Servando Martinez-Vazquez asks us to overturn his criminal damage to property conviction because there is substantial reason to doubt that his jury verdict was unanimous because the jury's verdict was based on evidence of multiple acts and no jury unanimity instruction was given by the trial court. He also claims that the court improperly allowed a police witness to testify that some marks on the victim's neck reflected that she had been strangled or choked. After reviewing the record and the applicable caselaw, we decline to award any relief to Martinez-Vazquez. We affirm his convictions.

1

*Domestic chaos ends with the police being called.*

This prosecution arose from a long altercation between Servando Martinez-Vazquez and Hannah Wahwassuck, who were in a dating relationship. Martinez-Vazquez frequently stayed at Wahwassuck's home, where she lived with her son and a roommate. Her home has a living room on the ground floor and two bedrooms on the second floor.

In October 2023, Wahwassuck and Martinez-Vazquez got into a fight that quickly worsened when Martinez-Vazquez found a vibrator in Wahwassuck's nightstand drawer. The conflict began as a verbal argument which continued while Martinez-Vazquez was in the shower. When he left the shower, Martinez-Vazquez slammed the bathroom door, breaking off the shower door handle. The argument continued while Martinez-Vazquez got ready to leave but escalated when Martinez-Vazquez grabbed Wahwassuck by her neck, restricting her breath. To free herself, Wahwassuck "smacked his arm," and Martinez-Vazquez finally released her.

At this point the argument continued, briefly pausing while Wahwassuck gave her son a bath. Martinez-Vazquez followed Wahwassuck to her son's room and grabbed her neck again. Wahwassuck testified that it was difficult to breathe, but Martinez-Vazquez eventually released her. Back in the bedroom, Martinez-Vazquez began hitting Wahwassuck with the vibrator while she was lying on the floor or on the bed.

Then Wahwassuck's roommate intervened, and a physical altercation between Wahwassuck's roommate and Martinez-Vazquez caused damage to the drywall in the hallway. Martinez-Vazquez left the house for a short time and then returned and found the front door locked. He kicked in the front door to gain entry, which damaged the door. Another physical fight between Martinez-Vazquez and Wahwassuck's roommate started. While this was going on, Wahwassuck called 911, and the police arrived shortly

thereafter. The police separated the people and started to investigate. Police officers took pictures of the damage to Wahwassuck's house as well as her injuries.

*Charges were filed and convictions were obtained.*

The investigation led to prosecution. The State charged Martinez-Vazquez with aggravated domestic battery, a severity level 7 person felony; domestic battery, a class B person misdemeanor; and criminal damage to property, a class B nonperson misdemeanor. At the jury trial, the State presented testimony from Wahwassuck and two law enforcement officers. In his defense, Martinez-Vazquez presented testimony from a law enforcement officer and a 911 operator.

The trial court instructed the jury to consider three charges:

- Aggravated domestic battery, with the lesser included offenses of domestic battery and simple battery.
- Domestic battery, with the lesser included offense of simple battery, for Martinez-Vazquez' hitting Wahwassuck with the vibrator.
- Criminal damage to property for the damage to the front doorframe, drywall, and the shower door handle.

The trial court also instructed the jury that, though multiple acts could constitute the crime of aggravated domestic battery, the jury must unanimously agree on the same underlying act to convict Martinez-Vazquez of that crime. Thus, the court gave the jury a unanimity instruction on the felony charge.

In its closing argument, the State elected the conduct of Martinez-Vazquez striking Wahwassuck with the vibrator to support the charge of domestic battery. The State also told the jury that the damage to the front door frame, the drywall, and the shower door

handle supported the criminal damage to property charge. Thus, the State elected that the jury had to agree that all three sites had been damaged by the defendant to prove the crime.

During deliberations, the jury had two questions: (1) Whether the misdemeanor domestic battery charge related solely to Martinez-Vazquez striking Wahwassuck with the vibrator; and (2) as to the criminal damage of property charge, whether Martinez-Vazquez had to be found responsible for all three acts of damage or just one. In response to the second question, the State argued that the jury "would need to apply the evidence and the testimony that they sat through to the instructions that they were given." The State also argued that the jury must agree on all three acts to convict Martinez-Vazquez on the criminal damage charge. Martinez-Vazquez agreed with the State that the jury must agree to those three specific acts and went "with the State's response." After hearing both parties' responses to the jury's questions, the trial court proposed its response as referring the jury back to the instruction providing the elements for criminal damage to property. Both parties agreed to the court's response before it was given to the jury.

Ultimately, the jury returned a not guilty verdict on the felony aggravated domestic battery but returned guilty verdicts on domestic battery and criminal damage to property, finding the crimes were acts of domestic violence. The district court imposed two concurrent six-month jail sentences for Martinez-Vazquez' two convictions. It then suspended his jail sentence and placed him on probation for 12 months.

In this appeal, Martinez-Vazquez presents two issues. He first argues that the jury verdict was not unanimous on the criminal damage to property conviction because the court failed to give a unanimity instruction. Thus, the jury convicted Martinez-Vazquez based on multiple acts. In his second claim of error, Martinez-Vazquez argues the court erroneously admitted a police officer's testimony that lacked foundation, was irrelevant,

and was unhelpful for the jury. This issue pertains to the felony charge that resulted in a not guilty verdict.

*The law that controls the first issue is well-settled.*

The right to a unanimous jury verdict in Kansas is a fundamental right guaranteed by statute. K.S.A. 22-3421; K.S.A. 22-3423(1)(d). When that right is challenged, we must first determine whether the case presents a multiple acts issue, exercising unlimited review. *State v. Foster*, 290 Kan. 696, 713, 233 P.3d 265 (2010).

We note that, even though Martinez-Vazquez did not request a unanimity instruction, the jury must be unanimous about which act or acts proved him guilty on the criminal damage to property charge. See K.S.A. 22-3421. We may still review the question on appeal by using a clear error analysis. See K.S.A. 22-3414(3).

Prior cases have defined our terms. "'Multiple acts' are legally and factually separate incidents that independently satisfy the elements of the charged offense." *State v. De La Torre*, 300 Kan. 591, 598, 331 P.3d 815 (2014). Four factors guide multiple acts case analyses:

> "(1) whether the acts occur at or near the same time; (2) whether the acts occur at the same location; (3) whether there is a causal relationship between the acts, in particular whether there was an intervening event; and (4) whether there is a fresh impulse motivating some of the conduct." *State v. Schoonover*, 281 Kan. 453, 507, 133 P.3d 48 (2006).

If a case consists of multiple acts, one of two steps must be taken:  elect or instruct. "[E]ither the State must have informed the jury which act to rely upon in its deliberations or the district court must have instructed the jury to agree on the specific

criminal act to convict." *Foster*, 290 Kan. at 713. If the choice is not made, "[t]he failure to elect or instruct is error." 290 Kan. at 713.

If on appeal we determine that an error has occurred, the final step in our analysis "is whether the error warrants reversal or was harmless." 290 Kan. at 713. Here, given our standard of review stated above, unless the failure to elect or instruct was clearly erroneous, we will not reverse Martinez-Vazquez' convictions. See K.S.A. 22-3414(3); *Foster*, 290 Kan. at 713.

To sum up the process: If there are several ways to commit a crime—in other words, a multiple acts case—the jury must be unanimous in its verdict on how the defendant committed that crime. To assure jury unanimity, the State may elect which of the acts a defendant has committed to prove the defendant guilty of the crime charged and must tell the jury of that election. Or, the trial court may instruct the jury that all jurors must all agree about which act or acts the defendant performed in committing the crime charged. See *Foster*, 290 Kan. at 713. And, if no election is made and no instruction is given, an appellate court must decide whether the error was clearly erroneous. See K.S.A. 22-3414(3).

*The record does not clearly show us that this was a multiple acts case.*

As we said before, our first question is: Is this a multiple acts case? If so, we then ask: Were the acts indeed separate and distinct, or were they rather part of a single course of conduct? See *State v. King*, 297 Kan. 955, 980, 305 P.3d 641 (2013).

The three acts here consisted of Martinez-Vazquez breaking the shower door handle, damaging the drywall in the hallway, and damaging the front doorframe. All three occurred around the same time. Next, all three acts occurred at Wahwassuck's house, thus occurring at the same location. Though Martinez-Vazquez contends an intervening act

6

occurred between the acts, the facts show that only a short time passed between Martinez-Vazquez leaving Wahwassuck's house and then trying to re-enter and kicking in the front door.

When looking at the fourth factor—whether a fresh impulse motivated some of the conduct—it appears all three acts were motivated by Martinez-Vazquez finding a vibrator in Wahwassuck's nightstand drawer. There was no other testimony concerning Martinez-Vazquez' motivations contesting that fact. Thus, no fresh impulse motivated a portion of the acts. The record shows that all three acts were motivated by the same impulse.

Based on this review of the record, we hold that the three acts constituted a single course of conduct and were not each separate and distinct acts. The three acts occurred at or near the same time, at the same location, were not separate by intervening acts, and were all motivated by the same impulse. Thus, this issue does not present a multiple acts problem requiring a unanimity instruction.

In summary, we have no reason to question the unanimity of this jury's verdict on this count. We note that the trial court gave a unanimity instruction on the felony count; therefore, the jury was aware of the legal principles involved. The jury acquitted Martinez-Vasquez on that count. We add that, in questioning the facts on this count, the jury asked the court which act was involved and was told by the court—with the agreement of both parties—that all three acts were the subject of this charge. That appears to be an election by the State about which acts the State contends constituted the crime charged.

We find no error here.

*We will offer no advisory opinion about moot questions.*

Next, Martinez-Vazquez contends it was error for the trial court to admit an officer's trial testimony describing Wahwassuck's injuries and the officer's opinion based on experience and training that her injuries reflected strangulation or choking.

But Martinez-Vazquez was acquitted of the aggravated domestic battery charge, which was the only charge arising from the strangulation and choking allegations.

Because this issue relates solely to the charge for which Martinez-Vazquez was acquitted, we deem this issue to be moot and any opinion we would issue on it would thus be advisory. See *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020).

Affirmed.